An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-365

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

IN THE MATTER OF:                          Orange County
                                           No. 11 JA 1
    L.L.


Appeal by respondent from order entered 20 December 2013 by Judge Beverly Scarlett in Orange County District Court. Heard in the Court of Appeals 30 June 2013.

*Michael N. Tousey for guardian ad litem.*

*Mary McCullers Reece for respondent-appellant mother.*

HUNTER, JR., Robert N., Judge.

Respondent, mother of juvenile L.L. ("Larry"), appeals from an order styled "Custody Order 7B-911 N.C.G.S. Chapter 50" entered by the district court on remand from our decision in *In re L.L.*, ___ N.C. App. ___, 749 S.E.2d 113, 2013 N.C. App. LEXIS 873 (2013) (unpublished) ("*L.L. II*"). We affirm.

This is respondent's third appeal in this cause. In *In re L.L.*, ___ N.C. App. ___, 734 S.E.2d 140, 2012 N.C. App. LEXIS

1241 (2012) (unpublished) ("*L.L. I*"), she appealed from a permanency planning order that awarded legal and physical custody of Larry to his father. Because the order lacked the finding required by N.C. Gen. Stat. § 7B-907(b)(1) (2013) as to whether it was possible to return Larry to respondent's home immediately or within the next six months, we reversed and remanded to the district court for a new permanency planning hearing.[1] *L.L. I*, 2012 N.C. App. LEXIS 1241, at *10.

In *L.L. II*, respondent appealed from the order entered on remand from *L.L. I*. In this order, entered 23 January 2013, the district court not only granted custody to Larry's father but also closed the juvenile case and converted the proceeding to a civil custody action under Chapter 50 of our General Statutes. *See* N.C. Gen. Stat. § 7B-911 (2013). Although respondent again claimed the order lacked the necessary permanency planning finding under N.C. Gen. Stat. § 7B-907(b)(1), we deemed the court's findings sufficient and "accordingly affirm[ed] this portion of the order." *L.L. II*, 2013 N.C. App. LEXIS 873, at *3. However, we vacated the portion of the order transferring the case from juvenile court to civil custody court, due to the court's failure to make the statutorily required finding

---

[1] We also remanded for entry of a proper visitation plan. *L.L. I*, 2012 N.C. App. LEXIS 1241, at *10.

"'[t]hat there is not a need for continued State intervention on behalf of the juvenile through a juvenile court proceeding[.]'" *Id.* at *4 (quoting N.C. Gen. Stat. § 7B-911(c)(2)(a) (2011)). "Absent . . . any finding which addresses the need for continued State intervention on behalf of the juvenile[,]" we concluded, "the order of transfer must be vacated and the matter remanded for further proceedings consistent with this opinion." *Id.*

Following our decision in *L.L. II*, respondent filed a motion to modify visitation and noticed the matter for hearing on 19 December 2013. At the hearing the parties described their difficulty in agreeing upon a mutually convenient time for respondent's visitation with Larry. After stating its belief that "[this] is a Chapter 50 issue[,]" the court announced, "This case is definitely going to Chapter 50. I am finding that as of the date of the last order from DSS court that was appealed to the Court of Appeals, that there has not been any need for further State intervention." The court denied respondent's motion to modify visitation in an order entered 10 January 2014.

In its "Custody Order 7B-911 N.C.G.S. Chapter 50[,]" the district court acknowledged this Court's mandate in *L.L. II*, repeated the findings of fact made in its 23 January 2013 order,

and added an additional finding that, "[p]ursuant to North Carolina General Statute 7B-911(c)(2), there is no longer a need for state intervention in this matter and this matter is properly converted to a Chapter 50 case." The court again decreed that custody of Larry would be granted to his father and that "[t]his matter shall be closed to further court review and be converted to a Chapter 50 case pursuant to N.C.G.S. 7B-911." It directed the clerk of court to "assign a CVD file number for this matter" and to "treat this order as the initiation of a civil custody action[.]"

Respondent now claims that the district "court erred by entering a permanency planning remand order" without providing notice to the parties as required by N.C. Gen. Stat. § 7B-906.1 (2013). She notes that she "did not calendar the matter for permanency planning hearing or for a remand hearing on the issue of transferring jurisdiction to Chapter 50 court" when she noticed her motion to modify visitation for hearing on 19 December 2013. Therefore, respondent contends, "the issues relating to permanency planning, including transfer of the case, were not properly before the trial court."

The guardian ad litem ("GAL") has moved to dismiss respondent's appeal, claiming that the "Custody Order 7B-911

N.C.G.S. Chapter 50" is not appealable. In her statement of grounds for appellate review, see N.C. R. App. P. 28(b)(4), respondent asserts a right of appeal under N.C. Gen. Stat. § 7B-1001(a)(4) (2013), inasmuch as the order "changes legal custody of a juvenile." She suggests that the district court "replace[d] the permanency planning orders remanded by this Court on 6 November 2013 and 20 August 2013" and that, therefore, "the effect of the current appealed order is to change the child's legal custody and cease review in the juvenile court."

We agree with the GAL that the order entered *sub judice* did not effect a change in Larry's custody, which remained with his father. Nonetheless, we believe it is subject to appeal—either as an order "which in effect determines the [juvenile] action and prevents a judgment from which appeal might be taken[,]" N.C. Gen. Stat. § 7B-1001(a)(2), or as a civil custody determination under Chapter 50. *See* N.C. Gen. Stat. §§ 7B-911(b), 50-19.1 (2013). Therefore, we deny the GAL's motion to dismiss.

We find no merit to respondent's claim that she was denied notice of a permanency planning hearing under N.C. Gen. Stat. § 7B-906.1(b). Our ruling in *L.L. II* affirmed the portion of the

district court's 23 January 2013 order awarding custody to Larry's father. We vacated the order only insofar as it converted the juvenile case to a civil custody action under N.C. Gen. Stat. § 7B-911. Though we remanded for further fact-finding under N.C. Gen. Stat. § 7B-911(c)(2)(a), our mandate did not require the district court to hold a new hearing on the issue. Moreover, we find no indication that the court intended to revisit Larry's permanent plan or its transfer decision at the 19 December 2013 hearing noticed by respondent on her motion to modify visitation. While the court reiterated its intention to transfer the case from juvenile to civil court, it did so in the course of explaining its ruling on respondent's motion. Because the hearing in question was not a "subsequent permanency planning" hearing under N.C. Gen. Stat. § 7B-906.1, the statute's notice provisions did not apply. Respondent's argument is overruled.

Affirmed.

Chief Judge MARTIN and Judge ELMORE concur.

Report per Rule 30(e).